IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:09-CR-031 |
| | ) | |
| SHAWN WALLER | ) | |

**MEMORANDUM AND ORDER**

On July 28, 2011, the court held a hearing on the defendant's *pro se* request to withdraw his guilty plea [doc. 848], and the amended motion to withdraw plea filed by his current attorney [doc. 950]. For the reasons that follow, the defendant's motions will be denied.

I.

*Background*

The second superseding indictment in this case charges the defendant with two conspiracy counts and two aiding and abetting counts pertaining to the distribution of cocaine and cocaine base. On September 27, 2010, the defendant filed his first *pro se* motion requesting substitution of court-appointed counsel [doc. 766], alleging that his attorney had been ineffective in obtaining discovery and filing motions. The magistrate judge conducted

a hearing on the motion on September 30, 2010, and found the defendant's complaints to be without foundation. The motion was denied.[1]

Five days later, the defendant signed a plea agreement as to one of the conspiracy counts only, with the government agreeing to dismiss the remaining charges. In material part, the plea agreement provides, "The defendant has read the second superseding indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty." [Doc. 774].

The court set a change of plea hearing for 10:15 a.m. on October 21, 2010. A transcript of that hearing has been filed [doc. 938]. At the commencement of the hearing, the government moved to withdraw two of its three previously filed informations to establish prior conviction, thereby dropping the defendant from a potential mandatory life sentence down to only a potential twenty-year mandatory sentence. The government's motion was granted from the bench.

As the court proceeded through its standard plea colloquy, the defendant became hesitant.

> The Court: And have you told your lawyer everything you know about this case?
>
> Mr. Waller: Um, yes, pretty much, Your Honor.

---

[1] Having considered the exhibits entered into evidence at the July 28, 2011 hearing, the undersigned is in complete agreement with the magistrate judge's decision.

2

The Court: And do you believe your lawyer is fully aware of all the facts on which these charges are based?

Mr. Waller: In somewhat [sic], Your Honor, I do.

The Court: Have you told him everything you know about it?

Mr. Waller: Yes, I have, but we just, I mean, we really didn't come to agreement on some things, but I've told him the honest truth for the most part about my case.

. . .

The Court: Good. And has your lawyer specifically advised you as to every element of the offenses charged that the Government must prove beyond a reasonable doubt in order to obtain a conviction against you?

Mr. Waller: We really didn't go over that much, as far as that part, other than my priors.

. . .

The Court: Well, do you understand what the Government has to prove?

Mr. Waller: No, Your Honor, not really, I don't.

The Court: Well, Mr. Reeves [United States Attorney], why don't you point out to him right now, what he, what the Government . . . ?

Mr. Reeves: [Reads elements of the crime from the defendant's signed plea agreement].

The Court: Mr. Rasnic [defense counsel], do you want to ask him, have you read it, do you understand it?

Mr. Rasnic: Mr. Waller, have you read the elements as stated in the Plea Agreement, and do you understand what elements are required to be proven by the Government beyond a reasonable doubt for you to be found guilty of this charge?

3

Mr. Waller: Yeah. Yes, Your Honor.

The Court: Now do you understand?

Mr. Waller: Yes, Your Honor.

The Court: Very well. Has your lawyer advised you as to any defense that you may have to these charges?

Mr. Waller: No, Your Honor.

The Court: Do you have a defense, in your estimation?

Mr. Waller: Ah, looking at my discovery I would think so, Your Honor.

The Court: You do?

Mr. Waller: Yes, Sir.

The Court: Alright. Well, tell us what you think your defense might be.

Mr. Waller: Well, one of them is the transcripts in my discovery doesn't really have too much to do with me, and it has more to do with my Co-Defendant than me. And they're charging me the same as they're charging my Co-Defendant, and he's, basically has more counts than I have and his background is, is not credible. It's way worser than mine, and they're, they're just putting me in with the sales that he had something to do with that I had no knowledge of.

The Court: Well, you do understand that once you join a conspiracy you could be charged with every act that any other member of the conspiracy did? Do you understand that? . . . .

Mr. Waller: Yes, Sir.

. . .

The Court: [After the prosecution's reading of the factual basis] Remember those facts?

4

Mr. Waller: Yes, Your Honor. In the Plea Agreement it states that Ware was driving, and it was clear that I was driving the vehicle in my discovery and it was clear they found the money on my Co-Defendant, Mr. Ware, at the time. And to my knowledge I didn't, I have no idea of what he was doing that day. I've only been in that town maybe two or three times, and just blind to the fact that I was walking into a conspiracy, and I never had no idea of what his business was in the town at the time. That's the only defense I really see in, in this case. . . .

. . .

Mr. Reeves: Your Honor, if, if Mr. Waller, I guess the question is, if Mr. Waller is saying he didn't know that they were selling, that this was all drug trafficking, if he didn't, if he didn't know, he had no knowledge of it, then I guess we need to set him for trial and we'll file our information and, refile our information. I, I . . .

The Court: Mr. Rasnic, do you want to recess this 'til this afternoon?

Mr. Rasnic: Yes, Your Honor.

. . .

The Court: Marshal, give him an opportunity to talk to his client.

[Doc. 938, p. 7-17]. The court recessed at 10:25 a.m. [Doc. 794].

The change of plea hearing resumed at 2:25 p.m. that same day [doc. 794], and the court accepted the defendant's guilty plea. In material part, the following exchanges are noted.

The Court: Alright. Bring the defendant to the lectern. Mr. Waller, you understand you're still under oath?

Mr. Waller: Yes, Sir.

The Court: And the question that you questioned was has your lawyer specifically advised you as to every element of the offenses . . . ?

5

Mr. Waller: Yes, Your Honor.

The Court: . . . that the Government must prove beyond a reasonable doubt in order to obtain a conviction?

Mr. Waller: Yes, Your Honor.

The Court: Very well.

Mr. Waller: Yes.

The Court: And has your lawyer advised you as to any defense that you may have to these charges?

Mr. Waller: Yes, Your Honor.

. . .

The Court: Has your lawyer explained the terms of the Plea Agreement to you?

Mr. Waller: Yes, Your Honor.

The Court: And are you satisfied with your lawyer's advice and his representation of you in this case?

Mr. Waller: Yes, Your Honor.

. . .

The Court: [After the prosecution's reading of the factual basis] Mr. Waller, do you agree with the Government's summary of what you did?

Mr. Waller: Ah, yes, Your Honor, ah . . .

The Court: Very well. Based upon those facts how do you plead?

Mr. Waller: I plead guilty.

The Court: And do you understand what you're pleading guilty to?

6

Mr. Waller: Yes, to conspiracy, Count 1.

The Court: And are you offering to plead guilty because you are, in fact, guilty?

Mr. Waller: Yes, Your Honor.

[Doc. 938, p. 19-27].[2] The court concluded the hearing by asking the defendant if he had any questions. The defendant responded, "No, Your Honor." [Doc. 938, p. 33].

On December 22, 2010, the defendant filed another *pro se* motion for replacement of counsel [doc. 831].[3] Therein, the defendant again criticized his attorney's handling of discovery and pretrial motions. On January 13, 2011, the defendant filed a third *pro se* motion for new counsel, coupled with a request to withdraw his guilty plea [doc. 848]. Regarding the plea, the defendant accused his attorney of "Preasuring [sic] me to accept the plea without going [sic] my discovery." As mentioned above, the defendant further appears to accuse the court of not addressing him "personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement," and he goes on to state,

---

[2] In his *pro se* motion to withdraw, the defendant appears to suggest that the court failed to address him in open court to determine that his plea was voluntary. The transcript segments quoted above show this insinuation to be patently false, thereby diminishing the believability of the other representations contained in the motions now before the court.

[3] The motion is *dated* September 20, 2010, but the court does not credit that date. This motion references the previous motion, which is dated September 22, 2010. It would be impossible for the defendant to reference a motion which had not yet been written.

7

> The attorney for the goverment [sic] never had prior plea discussions to see if I could get a reasonable plea for my alleged accountable, mitigating conduct which would require a lesser term than this unwarranted 20 years. . . .
>
> Due to the reasons I have taken the plea which that I feel that is not in my best interest. I feel if appointed new effective counsel I have a better chance in obtaining a proper and thorough defense.

[Doc. 848].

On February 8, 2011, the court held a hearing on the defendant's motions for new counsel. After hearing from the defendant, his attorney, and government counsel, the court concluded that the defense attorney's representation had been sufficient. The motions for new counsel were denied from the bench.

Eight days later, the defendant filed a *pro se* notice of appeal. [Tr. 878]. Addressing the plea issue therein, the defendant alleged that a codefendant had threatened him and his family if he did not plead guilty. The defendant also complained that the twenty-year mandatory minimum was too harsh a penalty. The Court of Appeals for the Sixth Circuit dismissed the appeal for lack of jurisdiction, but not before granting his attorney's motion to withdraw.

Once the case had returned to this court, substitute counsel was appointed. Counsel filed an amended motion to withdraw guilty plea on July 12, 2011 [doc. 950]. The defendant and his current attorney appeared before the court on July 28, 2011, for a hearing on the pending motions.

8

II.

*Analysis*

After a plea of guilty has been accepted by the court, a defendant may withdraw that plea upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has presented "a fair and just reason," courts consider a nonexhaustive list of factors including,

   1. The length of time between the plea and the motion to withdraw.

   2. The presence or absence of a valid reason for failing to move earlier.

   3. Whether the defendant has asserted or maintained his innocence.

   4. The circumstances underlying the entry of the guilty plea.

   5. The defendant's nature and background.

   6. The degree to which the defendant has prior experience with the criminal justice system.

   7. Potential prejudice to the government if the motion is granted.

*United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (citation omitted).

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations and quotations omitted).

9

### A. Length of Time Between Plea and Motion

Nearly three months passed between the entry of the defendant's plea and his *pro se* motion to withdraw. A delay of 30 days is "at the boundary line between what is acceptable and what is not." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citing and quoting *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009)). As such, this factor does not weigh in the defendant's favor.

### B. Reason for Failing to Move Earlier

The defendant claims that he did not file his *pro se* motion sooner due to the allegedly strained relationship with his former counsel. According to his present attorney, "It took Mr. Waller some time to research and figure out what he needed to file, on his own, in order to request that his guilty plea be withdrawn. Being in jail, without the proper research tools, it took Mr. Waller a little over eighty (80) days to draft and file his motion to withdraw his guilty plea." This representation is consistent with the defendant's testimony at the July 2011 hearing.

The court does not find this explanation persuasive. Even before his plea had been entered, the defendant had already demonstrated the know-how to file a motion on his own behalf [doc. 766]. The *pro se* motion to withdraw [doc. 848] is largely a restatement of his two prior *pro se* motions for appointment of new counsel [Tr. 766, 831]. In light of the defendant's earlier *pro se* filings, the court simply cannot believe that it took him "a little over eighty (80) days to draft and file his motion to withdraw his guilty plea." The

10

defendant's reason for failing to move earlier counsels in favor of denying his motions to withdraw.

C. Assertions of Innocence

According to his amended motion, the defendant has "maintained his innocence throughout these proceedings." In support of that representation, the defendant cites to the transcript of his plea hearing, specifically his statement that,

> the transcripts in my discovery doesn't really have too much to do with me, and it has *more to do with my Co-Defendant than me.* And they're charging me the same as they're charging my Co-Defendant, and he's basically *has more counts than I have* and his background is, is not credible. It's way worser than mine, and they're, they're just putting me in with the sales that he had something to do with that I had no knowledge of.

[Doc. 938, p. 10-11] (emphasis added). However, recognizing the defendant's potential misunderstanding of the law of conspiracy, the court immediately clarified that "once you join a conspiracy you could be charged with every act that any other member of the conspiracy did," to which the defendant affirmed his understanding. Later, the defendant claimed that he had "no idea" what codefendant Ware was doing on the day of his arrest, and that he (the defendant) was "just blind to the fact that I was walking into a conspiracy."

The defendant's in-court statement that he was "just blind to . . . walking into a conspiracy" is essentially the only point in the plea process that he has asserted his innocence. By contrast, the signed plea agreement provides in material part, "The defendant is pleading guilty because the defendant is in fact guilty." Similarly, when his plea hearing

11

resumed after a four-hour recess, the defendant stated under oath that he was pleading guilty to the conspiracy charge because he was in fact guilty.

The defendant's *pro se* motions repeatedly ask for the opportunity to obtain "a proper and thorough defense," but that defense does not appear to be based on actual innocence. The December 2010 *pro se* motion complains, in material part, that he was pressured by then-counsel to accept a plea agreement "that is not in my best interest." [Doc. 831]. In his *pro se* motion for withdrawal of his plea, the defendant complains that he did not receive "a reasonable plea" due to the mandatory minimum sentence. In his *pro se* notice of appeal, the defendant complains at great length about the mandatory minimum "designed for a hardcore criminal." Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, *not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty*." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation and quotation omitted) (emphasis added). Lastly, the court notes a state court guilty plea for conduct related to the instant conspiracy.[4]

Innocence is far from a common or recurring thread in the present defendant's protestations to this court. *See, e.g., id.* (noting the absence of "vigorous and repeated

---

[4] At his July 2011 hearing, the defendant claimed he was "lying to" the state court judge by entering that guilty plea. He also claimed to have "lied to" this court at his federal plea hearing. These admissions make it virtually impossible for the undersigned to believe anything the defendant says.

12

protestations of innocence"). This consideration - whether the defendant has asserted or maintained his innocence - weighs in favor of denying his motions.

D. <u>Circumstances Underlying the Entry of the Guilty Plea</u>

The defendant cites a "breakdown in communication and understanding" between him and his former attorney before and during the change of plea hearing. To some extent, that may be true. If any consideration were to weigh in his favor, it would be this one. However, after recognizing the defendant's initial wavering, the court recessed the plea hearing for four hours in order to allow time for him to consult with his attorney.

When the hearing resumed, the defendant affirmed the following under oath: that he had discussed the matter with his lawyer; that he was satisfied with his lawyer's advise and representation; that he understood what he was pleading guilty to; and that he was doing so because he was in fact guilty. For these reasons, the circumstances underlying the entry of the guilty plea, viewed as a whole, do not rise to the level of demonstrating a fair and just reason for requesting withdrawal of the plea in this case.

E. <u>Defendant's Nature, Background, and Experience with the Criminal Justice System</u>

In his amended motion, the defendant's counsel acknowledges, "Mr. Waller has prior experience with the criminal justice system. Mr. Waller has several felony drug possession convictions in Tennessee and Georgia. All of these convictions were the result of plea agreements . . . ." The presentence report in this case shows five adult drug convictions unrelated to the present case. The court further notes the state court guilty plea

13

for conduct related to the instant conspiracy. The defendant's nature, background, and experience with the criminal justice system therefore weigh heavily in favor of denying the present motions.

### F. Prejudice to Government

The defendant argues that the government would not be prejudiced if he went to trial. He contends that all codefendants are in custody and available to testify against him if needed.

In response, the government points out that it "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Nonetheless, the government argues that the passage of time between the defendant's plea and an eventual trial would make coconspirator testimony less valuable, and that most coconspirators are now dispersed to Bureau of Prisons facilities throughout the country. The government has therefore shown prejudice, *see, e.g., United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999), and this factor does not weigh in favor of granting the defendant's motions.

14

III.

*Conclusion*

For the reasons stated herein, the court concludes that the defendant has not shown a fair and just reason for withdrawing his plea. His motions [docs. 848, 950] are therefore **DENIED**.

The defendant's sentencing hearing is **SET** for **Tuesday, October 25, 2011, at 2:15 p.m.** Lastly, the defendant's *pro se* motion for additional time to file objections to his presentence report [doc. 900], filed during and in reliance on his now-dismissed appeal, is **DENIED AS MOOT**.

ENTER:

                                      s/ Leon Jordan
                                 United States District Judge