UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAWN WALLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:09-CR-31- RLJ-MCLC -21 |
| | ) | 2:14-CV-98-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1236]. The United States filed its response [Doc. 1255]. Petitioner did not file a reply.

For the following reasons, Petitioner's § 2255 motion [Doc. 1236] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's motion for § 2255 relief based upon his claim of ineffective assistance of counsel will be **DENIED**. Petitioner's motion for § 2255 relief based upon the Supreme Court decision in *Dorsey* will be **GRANTED**.

I. **BACKGROUND**

Between July 2007, and continuing to approximately July 2009, Petitioner, alongside numerous co-defendants, conspired to distribute cocaine base, otherwise known as "crack," in the Eastern District of Tennessee and elsewhere [Doc. 795 ¶ 5(a)]. In furtherance of the conspiracy, Petitioner and co-defendant Jason Ware would use rental cars to travel between Atlanta, Georgia and Morristown, Tennessee to obtain and distribute cocaine base [*Id*. ¶ 5(b)]. In October of 2007, a confidential informant working on behalf of law enforcement arranged to purchase six ounces of cocaine base and one ounce of cocaine from Petitioner for $5000.00 [*Id*. ¶ 5(c)]. The transaction

between the informant and Petitioner was monitored and recorded by law enforcement [*Id*.]. Shortly after the buy, Petitioner and Ware left the residence together [*Id*.]. The two were pulled over for a traffic violation by an officer with the Tennessee Highway Patrol [*Id*.]. The officer found that Petitioner had approximately $6,400 in cash in his possession and noted that $5,000.00 was folded and wrapped in a rubber band [*Id*.].

On November 14, 2007, in a similar episode, Petitioner and Ware were pulled over for speeding while in route to deliver three ounces of crack to a confidential informant in Morristown, Tennessee [*Id*. ¶ 5(d)]. On approaching the vehicle, officers smelled marijuana coming from inside the car [*Id*.]. Petitioner gave consent to search the vehicle and, during the subsequent search, officers located 95.6 grams of crack and 55.6 grams of a "white powder non-controlled substance" in the glove compartment and dashboard [*Id*.]. During the traffic stop, the informant called to ask where Petitioner and Ware were [*Id*.]. In a recorded conversation, Ware told the informant that the two had been pulled over by the police but that he would have another co-defendant, Johnny Marshall, take care of him on the drug deal [*Id*. ¶ 5(e)]. Later that day, Marshall completed the drug deal with the informant, exchanging three ounces of cocaine base for $2,4750.00 [*Id*.].

On September 15, 2010, in a superseding indictment, a federal grand jury in the Eastern District of Tennessee charged Petitioner with conspiring to distribute and possess with intent to distribute at least fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One); conspiring to distribute and possess with intent to distribute at least five grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count Two); and with aiding and abetting in the distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count Three ) [Doc. 743]. The United States Attorney's Office had previously filed a Notice of Enhancement pursuant to 21

2

U.S.C. § 851 giving notice of the Government's intention to seek increased punishment by reason of one or more of Petitioner's prior convictions [Doc. 692].

On October 5, 2010, Petitioner pleaded guilty to Count One pursuant to a plea agreement with the United States [Doc. 774]. As part of the plea agreement, and in exchange for dismissal of the remaining counts in the superseding indictment, Petitioner admitted to "[conspiring] to distribute and [possessing] with the intent to distribute 50 grams of a mixture or substance containing a detectable amount of cocaine base ('crack')" [*Id*. ¶ 1(a)]. Petitioner acknowledged that the penalty for pleading guilty to the offense was a "mandatory minimum term of imprisonment of at least 20 years" [*Id*.]. Petitioner also acknowledged he had "read the second superseding indictment, discussed the charges and possible defenses with defense counsel, and [understood] the crimes charged" [*Id*. ¶ 4]. Additionally, Petitioner stated he was pleading guilty because he was "in fact guilty" [*Id*.]. Petitioner agreed "not to file a direct appeal of [his] conviction(s) or sentence except . . . [in the case of] a sentence imposed above the sentencing guidelines range . . . [as] determined by the district court" [*Id*. ¶ 12 (a)]. Petitioner also "voluntarily waive[d] [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except in cases "of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment" [*Id*. ¶ 12 (b)]. On October 21, 2010, the Court accepted Petitioner's guilty plea [Doc. 794].

In calculating the applicable guidelines range, the probation officer found that the drug quantity to which Petitioner had stipulated yielded a base offense level of 32 [PSR at ¶ 22]. Petitioner had six criminal history points, enough to establish a criminal history category of III [*Id*. at ¶ 42]; the corresponding Guidelines range was 151 to 188 months' imprisonment [*Id*. at ¶ 43].

3

Because of the § 851 enhancement, Petitioner's guidelines range was increased to the statutory mandatory minimum term of 240 months' imprisonment [*Id.* at ¶ 57].

On January 13, 2011, Petitioner attempted to withdraw his guilty plea on the grounds that his plea was not voluntary [Docs. 848, 950]. The Court denied his motion, concluding that Petitioner had not shown a fair and just reason for withdrawing the plea [Doc. 964]. The Court subsequently sentenced Petitioner to the minimum 240 months' imprisonment [Doc. 1025]. On March 28, 2014, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 [Doc. 1236].

## II. TIMELINESS OF PETITION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). In the case of a direct appeal, a petitioner's conviction becomes final upon either denial of certiorari or expiration of the ninety-day period in which to seek such review. *Clay v. United States*, 537 U.S. 522, 525, 532 (2003). Thus, Petitioner's conviction became final for purposes of the statute of limitations on December 3, 2013 [Doc. 1211] and his statutory limitations period expired one-year later on December 3, 2014. The original petition [Doc. 1236] —filed on March 28, 2014—falls safely within the permissible period for requesting collateral relief.

4

Case 2:09-cr-00031-RLJ-MCLC   Document 1376   Filed 12/01/16   Page 4 of 9   PageID #: 5025

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates a two grounds of collateral challenge in his § 2255 motion [Doc. 1237]: (1) ineffective assistance of counsel due to counsel's failure to object to the drug quantity attributed to the Petitioner in his Presentence Report (Ground One) [*Id.* p. 7] and (2) that his sentence was imposed in violation of the Fair Sentencing Act of 2010 (Ground Two) [*Id.* p. 8].

The Court will evaluate Petitioner's specific claims in turn.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner sole theory of ineffective assistance of counsel alleges counsel was deficient for failing to object to the drug quantity attributed to the Petitioner in his Presentence Report ("PSR") [Doc. 1237 p. 7]. Petitioner argues that "while his plea was knowingly and voluntarily made, his stipulation to the factual basis did not equate to culpability for the entire drug quantity listed in the PSR" [*Id.*]. Petitioner claims that counsel's failure to object to the drug quantity listed on the PSR barred any meritorious objections to the mandatory minimum sentence he received [*Id.*]. He argues that counsel's misstep resulted in prejudice [*Id.*].

Contrary to Petitioner's assertions, the Court finds that Petitioner's claim fails for lack of prejudice. Petitioner's written plea agreement sets forth the elements of Petitioner's drug conspiracy charge, one of which is that the conspiracy involved at least fifty grams or more of cocaine base [Doc. 795 ¶ 1(a)]. On signing the plea agreement, Petitioner acknowledged that he was to be held accountable for at least that amount of cocaine base [*Id.*]. Petitioner agreed that the

6

punishment for that offense, because of his prior drug conviction "was a mandatory minimum term of imprisonment of at least 20 years and not more than life" [*Id*.]. Petitioner was subsequently sentenced to the lowest possible term of imprisonment available to the Court based on his admitted crimes [Doc. 1025]. Because the Court chose to sentence Petitioner to a term at the very bottom of his sentence range, whether Petitioner was found to be responsible for fifty grams of cocaine base, as was stated in his plea agreement, or 80.1 grams of cocaine and 312 grams of cocaine base, as was stated in his PSR, his sentence would ultimately have been the same. The Court could not have sentenced Petitioner to a term any shorter than that mandated by the statutory mandatory minimum. Because Petitioner cannot show that his sentence would have been any shorter due to counsel's alleged failure to object to the drug quantity, he cannot show prejudice.

The Court need not reach the question of whether counsel's performance was deficient because Petitioner's insufficient showing of prejudice obviates the need to do so. *See, Strickland*, 466 U.S. at 697 (finding "no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [Petitioner] makes an insufficient showing on one").

## V. *DORSEY* CLAIM

Petitioner seeks to have his sentenced modified in accordance with *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The United States does not oppose this request.

On August 3, 2010, Congress enacted the Fair Sentencing Act ("FSA") with the intent "to restore fairness to federal cocaine sentencing." Pub.L. 111-120, 124 Stat. 2372 (2010). The effect of the FSA was to increase the threshold for the application of the 10-year mandatory minimum from 50 grams of crack cocaine to 280 grams of crack cocaine and the 5-year mandatory minimum from 5 grams of crack cocaine to 28 grams of crack cocaine. *Compare* 21 U.S.C. § 841(b)(1)(A)-(C) (effective Aug. 3, 2010), *with* 21 U.S.C. § 841(b)(1)(A)-(C) (effective April 15, 2009 to Aug. 2, 2010). Originally, the Sixth Circuit held that FSA penalty provisions applied only to

7

conduct occurring after the FSA was enacted. *See generally, United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). However, on June 21, 2012, after Petitioner's guilty plea and sentencing, the Supreme Court held that federal defendants who had committed an offense before the FSA's enactment but who were sentenced on or after the enactment of the FSA should also receive the benefit of its lowered minimum mandatory punishment, effectively reversing controlling Sixth Circuit precedent. *See Dorsey*, 132 S. at 2323 (holding reduced "mandatory minimums apply to the post-Act sentencing of pre-Act offenders").

Applying *Dorsey* to this case, it is clear that the FSA's revised mandatory minimums apply to the Petitioner, and that he is no longer subject to the same mandatory minimum term of imprisonment based upon the quantity of crack cocaine to which he pleaded guilty. When Petitioner was sentenced, he was subject to a statutorily-mandated term of twenty years' imprisonment—specifically, a mandatory minimum of 10 years for the distribution of fifty grams or more of cocaine base with a 21 U.S.C. § 851 enhancement to a twenty-year sentence for his prior drug conviction. However, under *Dorsey*, the "new, more lenient mandatory minimum provisions" of the FSA are applicable and Petitioner's drug quantity is now punishable only by § 841(b)(1)(B), which mandates a minimum sentence of five years, with an increase to ten years' imprisonment for his prior drug conviction.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 1236] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's motion for § 2255 relief based upon his claim of ineffective assistance of counsel will be **DENIED**. Petitioner's motion for § 2255 relief based upon the Supreme Court decision in *Dorsey* will be **GRANTED**, and this matter will be set for a resentencing hearing.

8

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge